IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**EVANGELINE WICKENS,**

**Plaintiff,**

**v. No. CIV 04-809 BB/LFG**

**LOWE'S PAY N SAVE, INC.,**

**Defendant.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER is before the Court on Plaintiff's motion to remand [doc. #4] based on a lack of evidence of the requisite jurisdictional amount. The Court having considered all the submissions of the parties and the applicable law, finds that unless Plaintiff is willing to stipulate she will not seek or recover in excess of $75,000, the motion will be Denied.**

***Discussion***

**On July 16, 2004, Defendant Lowe's removed the case to this Court pursuant to 28 U.S.C. § 1441 and here claims jurisdiction under 28 U.S.C. § 1332, based upon diversity and the amount in controversy. Plaintiff now seeks to remand on the ground that Defendant has not met its burden of proof as to the amount-in-controversy requirement. When, as here, a case is removed from state court, it is the defendant's burden to establish the amount in controversy. *Laughlin v. Kmart Corp.*, 50 F.3d 871**

**(10th Cir. 1995). If the plaintiff's complaint does not allege determinate damages, the defendant's burden is only a preponderance of the evidence. *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309 (11th Cir. 2002); *Bosky v. Kroger Texas, L.P.*, 288 F.3d 208 (5th Cir. 2002); *Trimble v. Asarco, Inc.*, 232 F.3d 946 (8th Cir. 2000). When a state court complaint is indeterminate, as was Plaintiff's complaint in this case, the federal court must assess the claims to evaluate whether the claims support jurisdiction. *Robinson v. Quality Ins. Co.*, 633 F. Supp. 572 (S.D. Ala. 1986).**

**In her motion to remand, Plaintiff affirmatively represents that her claim, exclusive of punitive damages, does not exceed $75,000 in compensatory damages. In response, Defendant argues that punitive damages are included, rather than excluded, when the amount in controversy is calculated for purposes of establishing diversity jurisdiction. Defendant's position is correct. *See, e.g., Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238 (1943); *Suber v. Chrysler Corp.*, 104 F.3d 578 (3d Cir. 1997); *Burrell v. Burrell*, 2000 WL 1113702 (10th Cir. unpublished) ("It is permissible for Burrell's claim of punitive damages to be included in the jurisdictional amount."). Therefore, the possibility of an award of punitive damages must be considered in deciding whether this case should be remanded to state court.**

**Defendant represents that Plaintiff's claimed damages include the following: (1) medical expenses incurred to date of approximately $10,000; (2) the expenses of knee replacement surgery, which according to Plaintiff's doctor will be required at some point**

**in the future and will cost approximately $25,000; (3) lost wages of at least $30,000; (4) pain and suffering; and (5) punitive damages. Plaintiff, in her motion to remand, admits that her damages consist of the cost of medical treatment for her fall at Defendant's store, future medical costs for anticipated surgery, and "perhaps" lost earning capacity. Plaintiff provided no monetary amounts for these claimed damages. However, Plaintiff has not contradicted Defendant's estimates of the medical expenses incurred to date, the possible costs of the knee replacement surgery, or the lost wages.**

**It is apparent to the Court that the amount in controversy in this case, when punitive damages and an uncertain amount for pain and suffering are included, may be in excess of $75,000. Based on the record, then, the Court would find the claim satisfies the jurisdictional amount. However, when the complaint is unclear, trial courts from a variety of jurisdictions have considered a plaintiff's unwillingness to stipulate to damages less than the jurisdictional minimum as a significant factor in determining whether remand is appropriate. *Reid v. Delta Gas, Inc.*, 837 F. Supp. 751 (M.D. La. 1993); *Johnson v. Dillard Dep't Stores, Inc.*, 836 F. Supp. 390, 394 (N.D. Tex. 1993); *Callaway v. BASF Corp.*, 810 F. Supp. 191 (S.D. Tex. 1993); *Kennard v. Harris Corp.*, 728 F. Supp. 453 (E.D. Mich. 1989); *Kelderman v. Remington Arms Co., Inc.*, 734 F. Supp. 1527 (S.D. Iowa 1990); *Hendrickson v. Xerox Corp.*, 751 F. Supp. 175 (D. Or. 1990). If Plaintiff's counsel files an affidavit from Plaintiff stating she is willing to stipulate she did not seek and will not accept an amount in excess of $75,000, including**

**punitive damages and all compensatory damages, the Court will reconsider its decision. *Goodman v. Wal-Mart Stores, Inc.*, 981 F. Supp. 1083 (M.D. Tenn. 1997); *Bailey v. Wal-Mart Stores, Inc.*, 981 F. Supp. 1415 (N.D. Ala. 1997); *Matney v. Wenger Corp.*, 957 F. Supp. 942 (S.D. Tex. 1997); *Gwyn v. Wal-Mart Stores, Inc.*, 955 F. Supp. 44 (M.D.N.C. 1996); *Cotton States Mut. Ins. Co. v. Peacock*, 949 F. Supp. 823 (M.D. Ala. 1996).**

**ORDER**

**Unless Plaintiff files an affidavit stating she did not seek and will not accept in excess of $75,000 in compensation for all claims in her complaint, within 15 days of the entry of this order, the *Motion to Remand* (doc. 4) is DENIED.**

**SO ORDERED at Albuquerque this 1st day of October, 2004.**

**BRUCE D. BLACK**
**United States District Judge**

**For Plaintiff:**

**Donna Trujillo Dodd, Albuquerque, NM**

**For Defendant:**

**Lawrence H. Hill, Albuquerque, NM**
**Daniel R. Olsen, Albuquerque, NM**